UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

BRANDON MARKER, a/k/a B, a/k/a
Bart A. Speziali,
*Defendant-Appellant.*

No. 03-4039

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CORY RICHARD FERES,
*Defendant-Appellant.*

No. 03-4040

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-84)

Submitted: July 16, 2003

Decided: July 29, 2003

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

———————————————————

Affirmed by unpublished per curiam opinion.

———————————————————

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia; Matthew A. Victor, VICTOR VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellants. Kasey Warner, United States Attorney, Travis N. Gery, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Brandon Marker and Cory Richard Feres pleaded guilty to one count of possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (2000); Marker also pleaded guilty to one count of use and carry of firearms during and in relation to a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1), 2 (2000). They appeal their sentences. Because we find that the district court did not clearly err in determining their sentences under the Sentencing Guidelines,* we affirm.

On appeal, Feres contends that the district court erred in including cash seized incident to his arrest as relevant conduct. He argues that, because the money was the proceeds of Marker's marijuana distribution that occurred in 2001, and he had nothing to do with the distribution until after it was completed, he did not aid or abet the distribution, and could not be held responsible for any proceeds from the distribution.

---

*U.S. Sentencing Guidelines Manual* (2001).

A district court's determination of the amount of drugs attributable as relevant conduct is reviewed only for clear error. *United States v. Hicks*, 948 F.2d 877, 881 (4th Cir. 1991). Where, as here, the crimes involve drug trafficking, the Guidelines define relevant conduct to include "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). The Guidelines also provide that "[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." USSG § 2D1.1, comment. (n.12); *United States v. Ellis*, 975 F.2d 1061, 1067 (4th Cir. 1992). Our review of the record, including Feres's statements at his plea hearing, leads us to conclude that the district court did not err in concluding that the cash seized was properly attributable to Feres as relevant conduct.

Marker contends that the district court erred in enhancing his offense level for an aggravating role in the offense. He argues that the evidence showed that he and Feres played equal roles in the offense, and the two level enhancement was not justified. A district court's determination of the defendant's role in the offense is reviewed for clear error. *United States v. Sayles*, 296 F.3d 219, 224 (4th Cir. 2002). A two-level adjustment for role in the offense is appropriate when "the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than" more extensive activities meriting three or four level enhancements. USSG § 3B1.1(c). An enhancement for aggravating role requires, at a minimum, that "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, comment. (n.2). The record demonstrates that Marker exercised all decision making authority in the incidents that preceded the defendants' arrest, and directed Feres in several particulars of the trip from New York to West Virginia. We conclude that the district court's application of the enhancement for Marker's leadership role is supported by the evidence in the case and was not clearly erroneous.

Accordingly, we affirm the convictions and sentences of Marker and Feres. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*